JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA HEALTH TRUST FUND, TRUSTEES OF THE LOS ANGELES COUNTY ELECTRICAL EDUCATIONAL AND TRAINING TRUST FUND, TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE, TRUSTEES OF THE NATIONAL IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE, LOS ANGELES ELECTRICAL WORKERS CREDIT UNION, and NATIONAL ELECTRICAL INDUSTRY FUND,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DOWNEY ELECTRIC, INC., a California corporation,<br><br>　　　　Defendant. | CASE NO.:  SACV12-00249 JST (MLGx)<br><br>ASSIGNED TO THE HONORABLE JOSEPHINE STATON TUCKER<br><br>**JUDGMENT** |

Plaintiffs' motion for default judgment was filed on October 10, 2012, in the above-referenced Court, the Honorable Josephine Staton Tucker, United States District Judge, presiding. After full consideration of the evidence and the authorities submitted by counsel:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

A. Plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan, Trustees of the Southern California IBEW-NECA Health Trust Fund, Trustees of the Los Angeles County Electrical Educational and Training Trust Fund, Trustees of the National Electrical Benefit Fund, Trustees of the Southern California IBEW-NECA Labor-Management Cooperation Committee, Trustees of the National IBEW-NECA Labor-Management Cooperation Committee , the Los Angeles Electrical Workers Credit Union, and the National Electrical Industry Fund shall recover from Defendant Downey Electric, Inc., a California corporation, the principal amount of $78,507.40 (consisting of unpaid fringe benefit contributions for the period August 2011 through August 2012 of $46,273.68, prejudgment interest of $1,644.06, liquidated damages of $30,589.66), together with attorneys' fees of $12,835.50, and costs of $1,477.64, plus post-judgment interest as provided by law from the date of entry of judgment herein until the date the judgment is paid in full.

B. Defendant Downey Electric, Inc., a California corporation, shall provide to the Plaintiffs, within fourteen (14) days of the date of service of this Judgment, the following documents maintained in the course of business for Defendant:

1. All employee time cards, time sheets, payroll records and compensation records maintained in the course of business of Defendant, for the time period from July 1, 2011, through the date of production.

2. All copies of Employer's Quarterly Federal Tax Returns (Form 941) maintained in the course of business of Defendant, for the time period from July 1, 2011, through the date of production.

3. All copies of all Federal Form W-2 Statements to Employees maintained in the course of business of Defendant, for the time period from July 1, 2011, through the date of production.

4. All copies of all Federal Form W-3 Reconciliation of Income Tax Withheld and Transmittal of W-2 Forms maintained in the course of business of Defendant, for the time period from July 1, 2011, through the date of production.

5. All copies of all Federal Form 1099 Miscellaneous Income Statements and Federal Form 1096 Reconciliation and Transmittal of 1099 Forms maintained in the course of business of Defendant, for the time period from July 1, 2011, through the date of production.

6. All copies of all Employer's Quarterly State of California Tax Returns (DE-3) maintained in the course of business of Defendant, for the time period from July 1, 2011, through the date of production.

7. All cash disbursement journals and check registers maintained in the course of business of Defendant, relating to the time period from July 1, 2011, through the date of production.

8. All daily job logs, diaries or foreman reports maintained in the course of business of Defendant, relating to the time period from July 1, 2011, through the date of production.

9. All invoices for materials, labor or services provided to Defendant, relating to the time period from July 1, 2011, through the date of production.

10. All canceled checks drawn on any account of Defendant, and all monthly bank statements of Defendant, relating to the time period from July 1, 2011, through the date of production.

11. All written agreements between Defendant, and any labor union.

12. All correspondence between Defendant, and any Trustee, representative, agent or employee of any of the Plaintiff Trust unds relating to the time period from July 1, 2011, through the date of production.

13. All correspondence between Defendant, and any representative, agent or employee of the International Brotherhood of Electrical Workers, Local No. 11, or of any local union of the International Brotherhood of Electrical Workers, relating to the time period from July 1, 2011, through the date of production.

14. All notes or memoranda of communications between Defendant and any Trustee, representative, agent or employee of the Plaintiff Trust Funds relating to the time period from July 1, 2011, through the date of production.

15. All notes or memoranda of communications between Defendant and any representative, agent or employee of the International Brotherhood of Electrical Workers, Local No. 11, or of any local union of the International Brotherhood of Electrical Workers, relating to the time period from July 1, 2011, through the date of production.

16. All monthly fringe benefit reports and records of payments made to any trust fund other than the Plaintiff Trust Funds reporting hours and fringe benefits on employees of Defendant, during the period of July 1, 2011, through the date of production.

17. All employee hour summaries prepared by or on behalf of any employees working for Defendant, during the period of July 1, 2011, and the date of production.

18. All daily job tickets, billings and invoices of Defendant, relating to the time period from July 1, 2011, through the date of production.

19. All documents submitted by Defendant, to any general contractor or public contracting agency, including but not limited to all certified payrolls for public projects, which documents show the name, type of work, number of hours of work and specific jobsite location with regard to each employee of Defendant, who performed work during the time period from July 1, 2011, through the date of production.

20. All bids, proposals, offers and estimates prepared by or on behalf of Defendant, during the period of July 1, 2011, through the date of production.

21. All subcontracts entered into between Defendant, and any third party during the time period from July 1, 2011, through the date of production.

22. All job or project lists or charts prepared or used by Defendant, for the time period from July 1, 2011, through the date of production.

23. All listings of accounts receivable as of the date of production.

24. All job cost records for the time period from July 1, 2011, through the date of production.

25. All workers' compensation insurance forms for the time period from July 1, 2011, through the date of production.

26.

Dated: April 23, 2013

UNITED STATES DISTRICT JUDGE

-1-
JUDGMENT

535503